Filed 5/1/13  In re Keith D. CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| In re KEITH D., a Person Coming Under the Juvenile Court Law. | B244401 (Los Angeles County Super. Ct. No. VJ39811) |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>KEITH D.,<br><br>        Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Stephanie Davis, Juvenile Court Referee.  Affirmed.

Esther R. Sorkin, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

———————————

Sixteen-year-old Keith D. admitted he had taken a Honda Accord, which police had left in an alley as a "bait car," with its doors open and key in the ignition.[1] On July 9, 2012, the People filed a Welfare and Institutions Code[2] section 602 petition alleging Keith had unlawfully taken or driven a vehicle in violation of Vehicle Code section 10851, subdivision (a), a felony.[3]

Following the jurisdiction hearing, the juvenile court sustained the petition and denied the defense motion to reduce the offense to a misdemeanor.[4]

At the disposition hearing, the court ordered Keith to remain a ward of the court and to be suitably placed, and calculated the maximum term of confinement as four years four months. The court dismissed section 777 allegations in the interest of justice. Keith timely appealed.

We appointed counsel to represent Keith on appeal. After examination of the record, counsel filed an opening brief in which no issues were raised. On February 13, 2013, we advised Keith he had 30 days in which to personally submit any contentions or issues he wished us to consider. No response has been received to date.

We have examined the entire record and are satisfied Keith's attorney has fully complied with the responsibilities of counsel and no arguable issues exist. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

---

[1]     A "bait car" is a vehicle modified to be electronically monitored and controlled by police, when it is unlawfully driven.

[2]     Statutory references are to the Welfare and Institutions Code, unless otherwise indicated.

[3]     This petition was referred to as "Petition 7/9/12A" to distinguish it from a second and concurrently filed section 602 petition, "Petition 7/9/12B," alleging Keith had made a criminal threat. According to the probation officer's report, Keith also had earlier section 602 petitions that had been sustained, most recently for burglary in 2011 when he was ordered into camp community placement.

[4]     The juvenile court dismissed Petition 7/9/12B for insufficient evidence.

The order is affirmed.

**WOODS, J.**

**We concur:**

**PERLUSS, P. J.**

**ZELON, J.**